# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENOCIDE VICTIMS OF KRAJINA, | Civ. Action No. 10-cv-5197 |
| Plaintiffs, | |
| v. | Hon. Ruben Castillo, U.S.D.J. |
| L-3 COMMUNICATIONS CORPORATION and MPRI, INCORPORATED, | Hon. Geraldine Soat Brown, U.S.M.J. |
| Defendants. | |

## JOINT INITIAL STATUS REPORT[1]

### A. NATURE OF THE CASE

#### 1. Basis of Jurisdiction, Nature of Claims and Counterclaims

Plaintiffs allege that the Alien Tort Statute, 28 U.S.C. § 1350, and customary international law provide the basis of jurisdiction for this matter. This case is a putative class action in which class representatives seek damages for injuries allegedly sustained during a Croatian military offensive in the summer of 1995. L-3 Communications Corporation ("L-3") and MPRI, Inc. ("MPRI") (collectively, "Defendants") deny that jurisdiction exists in this Court and that Plaintiffs are entitled to any recovery from Defendants. There are no counterclaims, at present.

#### 2. Relief Sought by Plaintiffs, Including Computation of Claimed Damages, if Available

Plaintiffs seek compensation for property damage and loss of property as well as punitive damages against Defendants for their alleged role in aiding and abetting crimes against humanity. No computation of claimed damages is presently available.

---

[1] The parties are filing this Joint Initial Status Report in compliance with the Court's case management procedures. The contents of this report reflect the parties' good-faith belief at this time as to the legal and factual issues before the Court and do not constitute legal admissions of any kind.

105350

3. **Names of Any Parties That Have Not Been Served**

Not applicable.

4. **Major Legal Issues**

   a. <u>Plaintiffs' Statement of Major Legal Issues & Case Citations</u>

      (i) The standing of claims against private corporations under the Alien Tort Statute. See *Romero v. Drummond Co.*, 552 F.3d 1303 (11th Cir. 2008) (holding that "The text of the Alien Tort Statute provides no express exception for corporations[...]and the law of this Circuit is that this statute grants jurisdiction from complaints of torture against corporate defendants.") See also *Al-Quraishi, et al., v. Nakhla, et al.*, Civil No.: PJM 08-1696, United States District Court for the District of Maryland, July 29, 2010 (holding that Corporations can be held liable for violations of international law under the Alien Tort Statute).

      (ii) Whether this Court recognizes aiding and abetting liability through the provision of moral support to the direct perpetrators of a crime. See *Doe I v. Unocal Corp.*, 395 F.3d 932 (9th Cr., 2002). See also *The Prosecutor v. Furundzija*, IT-95-17, Judgment, p. 90, 10 December 1998 (holding "In sum, the Trial Chamber holds that the *actus reus* of aiding and abetting in international criminal law requires practical assistance, encouragement, or moral support which has a substantial effect on the perpetration of the crime."

   b. <u>Defendants' Statement of Major Legal Issues & Case Citations</u>

      (i) Whether this Court has general personal jurisdiction over Defendants and whether transfer to an alternate venue is warranted. See *Dental Arts Lab., Inc., v. Studio 360 The Dental Lab, LLC*, 2010 U.S. Dist. LEXIS 124029, 10-cv-4535, *12 (N.D. Ill. 2010); *Gueorguiev v. Max Rave, LLC*, 526 F. Supp.2d 853, 856 (N.D. Ill. 2007).

      (ii) Whether the statute of limitations has been exceeded. *See, e.g., Papa v. United States*, 672 F. Supp. 1531, 1547 (9th Cir. 2002).

      (iii) Whether Plaintiffs' claims can stand as against private corporation Defendants. See *Kiobel v. Royal Dutch Petroleum Co.*, 2010 WL 3611392 (2d Cir. Sept. 17, 2010) (holding that the Alien Tort Statute does not provide

subject matter jurisdiction over claims against corporations because such claims are not norms of international law); *see also Viera v. Eli Lilly and Company, et al.*, 09-cv-0495 (S.D.In. September 30, 2010).

(iv) Whether the putative class meets the requirements of Fed. R. Civ. P. 23(b)(3).

5. **Major Factual Issues**

   a. Plaintiffs' Statement of Major Factual Issues

   (i) The scope of services MPRI provided the Croatian government during the relevant time period and the involvement of MPRI in the Croatian military offensive known as "Operation Storm".

   b. Defendants' Statement of Major Factual Issues

   (i) The scope of services MPRI provided the Croatian government during the relevant time period.

   (ii) The type and value, if any, of the purported property damage and loss of property that can be attributed to Defendants.

B. **PREPARATION OF DRAFT SCHEDULING ORDER**

The parties propose the following scheduling order:

1. Rule 12(b) motion filed on or before January 18, 2011.

2. Any other Rule 12 motion filed on or before March 28, 2011.

3. If any claims remain after this Court's resolution of Defendants' Rule 12 motions, the parties propose the following schedule, which shall run from the date of the Court's ruling on Defendants' latest Rule 12 motion:

   a. 30 days to join other parties and amend pleadings.

   b. Fact discovery likely to require 12 months from the resolution of 12(b) motions.

   c. Expert discovery to close 60 days from the close of fact discovery.

   d. Dispositive motions due 60 days after the close of expert discovery.

### C.  TRIAL STATUS

A jury trial has been demanded. The parties estimate that the probable length of trial will be 5-8 weeks.

### D.  CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Defendants may be amenable to proceeding before a magistrate judge.

Plaintiffs may be amenable to proceeding before a magistrate judge for motion practice only.

### E.  SETTLEMENT STATUS

There have not yet been any settlement discussions in this matter.

Respectfully submitted,

By: _____  
Robert J. Pavich  
**PAVICH LAW GROUP**  
20 South Clark Street, Suite 700  
Chicago, IL 60603  
(312) 782-8500 (tel)  
(312) 853-2187 (fax)  
rpavich@pavichlawgroup.com  
*Attorney for Plaintiffs*

By: _____  
James E. Tyrrell, Jr.  
**PATTON BOGGS LLP**  
One Riverfront Plaza, 6th Floor  
Newark, NJ 07102  
(973) 848-5600 (tel)  
(973) 848-5601 (fax)  
jtyrrell@pattonboggs.com  
*Attorneys for Defendants  
L-3 Communications Corporation and  
MPRI, Inc.*