IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENOCIDE VICTIMS OF KRAJINA, individually and on behalf of all others similarly situated;<br><br>         Plaintiff,<br><br> v.<br><br>L-3 SERVICES, INC.,<br><br>         Defendant. | No. 10-cv-5197<br><br>The Honorable Ruben Castillo |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF
PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiffs hereby respectfully submit this notice of supplemental authority to highlight two recent developments that were unavailable to Plaintiffs at the time they filed their response to Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue: (1) the May 18, 2011 decision of Judge Der-Yeghiayan in *Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank, et al.* (Case No. 10 C 1884) (attached hereto as Exhibit 1); and (2) Defendant L-3's Amended Response to Plaintiffs' Jurisdictional Interrogatories ("Jurisdictional Responses," attached hereto as Exhibit 2). The personal jurisdiction analysis in *Holocaust Victims* is instructive in determining whether L-3's contacts with Illinois are indeed "continuous and systematic," especially in light of the uncontested jurisdictional facts set forth in L-3's sworn Jurisdictional Responses, which were submitted *after* Plaintiffs' response brief was due.

1

The Court in *Holocaust Victims* found that the defendant Hungarian bank OTP was subject to the personal jurisdiction of a Northern District of Illinois court even though this *foreign* entity had "**no office, branch, affiliate, subsidiary, license to do banking business, agent, address, personnel, mail box, real property, or phone listing in the United States or Illinois**," (D.E. 146 in Case No. 10 C 1884, Memorandum of Law In Support of OTP Bank's Motion to Dismiss at 34, attached hereto as Exhibit 3 (emphasis added).)[1] Despite the lack of any physical footprint in the United States, let alone in Illinois, the *Holocaust Victims* court found that the OTP bank had "**extensive continuous and systematic general business contacts** that would subject [it] to general jurisdiction" from the fact that:

- 18 OTP bank account holders had Illinois addresses.

- OTP bank had a contract with one Illinois based company, Cirrus System, Inc.

- OTP provides an account for Harris Trust & Savings Bank located in Illinois.

*Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank, et al.*, No. 10 C 1884, at 8 (N.D. Ill. May 18, 2011) (emphasis added).

Here, the uncontested facts set forth in L-3's own Jurisdictional Responses conclusively establish that L-3's contacts with Illinois are vastly more substantial than the contacts considered in *Holocaust Victims*:

- In 2010, L-3 conducted close to $20 million worth of business in Illinois. (Jurisdictional Response at 4.)

- L-3 participates in a joint venture that has a contract with the Department of Justice which requires L-3 to comply with the laws of all 50 states, including Illinois. (*Id*. at 7.)

---

[1] The court did not quarrel with OTP's own characterization of these facts. It accepted this characterization and found it legally relevant.

- L-3, through one of its divisions, has two sales contracts with the Bureau of Operations and Olive Harvey College, both of which contains an Illinois forum selection clause. (*Id*.)

- L-3, through one of its wholly-owned subsidiaries, has a contract with Electro-Motive Diesel Inc., under which it agreed to be bound by Illinois law. (*Id*.)

- L-3, through one of its divisions, had, or currently has, contractual agreements with Seventeen Illinois-based companies. (*Id*. at 8.)

- L-3 is licensed to do business in Illinois. (Plaintiff's Response at 9.)

- L-3 maintains 186 full time employees in Illinois. (*Id*.)

- L-3 sends its agents to Illinois to regularly conduct business through a significant trade show presence. (*Id.*)

- L-3 has designated an agent for service of process in Illinois. (*Id*. at 11.)

Accordingly, because L-3's contacts with Illinois are vastly more substantial than the contacts determined to be continuous and systematic in *Holocaust Victims*, this Court certainly should exercise general jurisdiction over L-3.


Dated: May 20, 2011                   Respectfully submitted,

                                      By:   /s/ Jeffrey A. Leon
                                            JEFFREY A. LEON

                                      JEFFREY A. LEON
                                      Freed & Weiss LLC
                                      111 West Washington St., Suite 1331
                                      Chicago, Illinois 60602
                                      (312) 222-0000
                                      (312) 220-7777 (FAX)
                                      jeff@freedweiss.com

                                      PAVICH LAW GROUP
                                      20 South Clark Street, Suite 700
                                      Chicago, Illinois 60603
                                      (312) 782-8500
                                       (312) 853-2187 (FAX)

rpavich@pavichlawgroup.com

ANTHONY D'AMATO
Leighton Professor of Law
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-8474
(312) 587-9969 (FAX)
a-damato@northwestern.edu

JOHN OSTOJIC
Ostojic & Scudder
332 South Michigan Ave., Suite 1024
Chicago, Illinois 60604
(312) 913-0860
(312) 913-0868 (FAX)
jostojic@ameritech.net

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, affirms that on May 20, 2011, he filed an electronic copy of the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record.

/s/ Jeffrey A. Leon
JEFFREY A. LEON
Freed & Weiss LLC
111 West Washington St., Suite 1331
Chicago, Illinois 60602
(312) 222-0000